UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYNA KARAGEORGE, f/k/a Tyna Robertson, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 3148 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| BRIAN URLACHER, PAMELA LOZA, ABBEY ROMANEK, HOWARD ROSENBERG, DONALD SCHILLER, LESLIE ARENSON, ANITA VENTRELLI, SCHILLER, DuCANTO & FLECK, LLP, THOMAS RAINES, JEANNINE MIYUSKOVICH, and ROBIN WALTON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## Order

The Clerk is directed to amend the docket in these respects: (1) substitute Robin Walton (her correct name) for Robyn Walters (not her correct name) as a party defendant; and (2) substitute Schiller, DuCanto & Fleck, LLP (the firm's correct name) for Law Offices of Schiller, DuCanto & Fleck (not the firm's correct name) as a party defendant. For the reasons set forth below, Defendant Loza, Walton, and Romanek's motion to dismiss [28], Defendant Rosenberg's motion to dismiss [31], Defendant Miyuskovich's motion to dismiss [33], and Defendant Schiller, Ventrelli, Arenson, and Schiller, DuCanto & Fleck, LLP's motion to dismiss [39] are granted. The federal claims against Defendants Loza, Walton, Romanek, Rosenberg, Miyuskovich, Schiller, Ventrelli, Arenson, and Schiller, DuCanto & Fleck, LLP are dismissed with prejudice under Civil Rule 12(b)(6), and the court relinquishes its supplemental jurisdiction over the state law claims against those defendants pursuant to 28 U.S.C. § 1367(c)(3). Because Plaintiff has not complied with the 10/16/2018 order [48] as to service on Defendants Urlacher and Raines, the claims against those defendants are dismissed without prejudice pursuant to Civil Rule 4(m). Defendant Loza, Romanek, and Walton's motion to stay [26] and Defendant Schiller, Ventrelli, Arenson, and Schiller, DuCanto & Fleck, LLP's motion to dismiss [38] are denied as moot. The 12/13/2018 status hearing [48] is stricken. Enter judgment order. Civil case closed.

## Statement

Tyna Karageorge, formerly known as Tyna Robertson, brought this *pro se* suit under Illinois law and 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against Brian Urlacher, with whom she shares a child, and others involved in custody proceedings regarding that child that took place in the Circuit Court of Cook County, Illinois. Doc. 1. All defendants except for Urlacher and Thomas Raines have been served.

1

On October 16, 2018, over five months after Karageorge filed this suit and over four months after the court reminded her of her service obligations under Civil Rule 4(m), Doc. 8, the court exercised its discretion under Rule 4(m) to extend to November 13, 2018 the deadline for her to serve Urlacher and Raines. Doc. 48. The court warned Karageorge that if service was not made and the executed returns docketed by that date, her claims against those defendants would be dismissed without prejudice under Rule 4(m). *Ibid*. Karageorge has failed to comply, so the claims against Urlacher and Raines are dismissed without prejudice.

The served defendants have moved to dismiss under Civil Rule 12(b). Docs. 28, 31, 33, 38-39. The court set a briefing schedule requiring Karageorge to respond by September 5, 2018. Doc. 42. Karageorge neither responded to the motions nor moved for an extension of time to respond. She also failed to appear at a status hearing scheduled for October 16, 2018. Doc. 48.

Because the served defendants set forth plausible grounds for dismissal, and because Karageorge failed to respond to their motions, she has forfeited her claims. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule … where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. … Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted). Each moving defendant has offered at least one plausible ground for dismissing the claims against her, him, or it. Those grounds are briefly discussed below.

<u>Loza, Romanek, Walton, and Rosenberg</u>. Pamela Loza and Abbey Romanek were state trial judges who handled aspects of the child custody case, Howard Rosenberg was the court-appointed child representative, and Robin Walton was a state appellate court clerk. Doc. 1 at ¶¶ 4-6, 13. Contrary to those defendants' submissions, the domestic relations exception to federal subject matter jurisdiction does not apply because this court need not "pass on the state court's application of family law in order to adjudicate" this case. *Kowalski v. Boliker*, 893 F.3d 987, 996 (7th Cir. 2018). The *Rooker-Feldman* doctrine does not apply because the state court orders are not the sole cause of Karageorge's alleged injuries. *See id*. at 995; *Milchtein v. Chisolm*, 880 F.3d 895, 898 (7th Cir. 2018).

However, Loza and Romanek are entitled to absolute judicial immunity as to the federal claims against them because their alleged actions were undertaken in their judicial capacity and concerned child custody issues falling within their jurisdiction. *See Kowalski*, 893 F.3d at 997; *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1015 (7th Cir. 2000). Rosenberg is entitled to absolute immunity because his alleged actions were undertaken in the course of his court-appointed duties as a child representative. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009). And because Walton's actions with respect to Karageorge's state court appeal were based on an appellate court decision, she has quasi-judicial immunity. *See Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). Accordingly, the federal claims against Loza, Romanek, Rosenberg, and Walton are dismissed on the merits with prejudice. (Certain of Karageorge's allegations against those defendants, such as that they conspired with a *Chicago Tribune* reporter to depict Karageorge in

2

the media as her husband's murderer, Doc. 1 at ¶ 79, fall outside their respective judicial, quasi-judicial, or child representative roles, but those allegations are so fanciful that they do not invoke the court's subject matter jurisdiction. *See Blake-Bey v. Cook Cnty.*, 438 F. App'x 522, 523 (7th Cir. 2011).)

Miyuskovich. Jeannine Miyuskovich, a court reporter with a private court reporting company, was the court reporter at a state court hearing in the child custody case. Doc. 1 at ¶ 12. Karageorge alleges that Miyuskovich altered the hearing transcript in a manner that violated her federal rights. *Id*. at ¶¶ 12, 52. Miyuskovich is not a state actor, so she can be held liable under § 1983 only if she conspired with state actors to violate Karageorge's federal rights. *See Brokaw*, 235 F.3d at 1016. Precedent holds that vague and conclusory allegations of a conspiracy are insufficient to sustain a plaintiff's burden of pleading that a private actor reached an agreement with state actors. *See Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Yet the complaint's conspiracy allegations are just that—vague and conclusory—and thus cannot support Karageorge's § 1983 claims against Miyuskovich. *See Brokaw*, 235 F.3d at 1016 (holding that to allege a § 1983 conspiracy, the plaintiff must plead "the who, what, when, why, and how").

Nor does Karageorge have a viable § 1985 claim against Miyuskovich. To state a claim under § 1985(1), a plaintiff must allege that the defendants interfered with a *federal* officer's discharge of her federal duties, *see Kush v. Rutledge*, 460 U.S. 719, 724 (1983), which Karageorge has not done. To state a claim under § 1985(2) or (3), a plaintiff must allege that the defendants' conduct was motivated by some racial or other class-based animus, *see Kowalski*, 893 F.3d at 1001, which Karageorge also has not done. Without a viable § 1985 claim against Miyuskovich, Karageorge has no viable § 1986 claim. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). And § 1988, which allows recovery of attorney fees in civil rights suits, does not afford Karageorge a viable, freestanding cause of action. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973).

Schiller, Arenson, Ventrelli, and Schiller, DuCanto & Fleck, LLP. Donald Schiller, Leslie Arenson, and Anita Ventrelli of the Schiller, DuCanto & Fleck law firm represented Urlacher in the child custody proceedings. Doc. 1 at ¶¶ 7-10. Karageorge's claims against those defendants fail on the merits for the same reasons that her claims against Miyuskovich fail. *See also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a lawyer does not act under color of state law by participating in state court proceedings). Those defendants also separately move to dismiss for insufficient service of process under Rule 12(b)(5), Doc. 38, but they do not insist that their Rule 12(b)(5) motion be resolved before their Rule 12(b)(6) motion, *id*. at 2 n.2; Doc. 39 at 2 n.2, and so the court in its discretion begins and ends its analysis with the Rule 12(b)(6) motion. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("[A] party may insist that the limitation [imposed by due process on personal jurisdiction] be observed, or he may forgo that right, effectively consenting to the court's exercise of adjudicatory authority.").

State Law Claims Against the Served Defendants. Karageorge's state law claims against the served defendants do not fall within the diversity jurisdiction because Karageorge and the served defendants are citizens of Illinois. *See* 28 U.S.C. § 1332(a). It follows that the only source of jurisdiction over the state law claims is the supplemental jurisdiction under 28 U.S.C.

3

§ 1367(a). Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, "[a]s a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pend[e]nt state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (per curiam) ("[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims."). This general rule has three exceptions: "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

None of the exceptions applies here. First, Karageorge has one year under Illinois law to refile her state law claims in state court if the limitations period for any of those claims expired while this case was pending in federal court. *See Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing 735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same); *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636-37 (Ill. 1997) (same). Second, this case is at the pleading stage, and thus substantial federal judicial resources have not yet been committed to the state law claims. Finally, it is not clearly apparent how the state law claims should be resolved. Accordingly, the court relinquishes its supplemental jurisdiction over Karageorge's state law claims against the served defendants. *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82; *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994). Karageorge may re-file those claims in state court.

November 27, 2018

                                                  United States District Judge