UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYNA KARAGEORGE, f/k/a Tyna Robertson, | ) |
| | ) |
| Plaintiff, | ) 18 C 3148 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| BRIAN URLACHER, PAMELA LOZA, ABBEY ROMANEK, HOWARD ROSENBERG, DONALD SCHILLER, LESLIE ARENSON, ANITA VENTRELLI, SCHILLER, DuCANTO & FLECK, LLP, THOMAS RAINES, JEANNINE MIYUSKOVICH, and ROBIN WALTON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Tyna Karageorge, formerly known as Tyna Robertson, brought this *pro se* suit under Illinois law and 42 U.S.C. §§ 1983, 1985, 1986, and 1988 against Brian Urlacher, with whom she shares a child, and others involved in child custody proceedings in the Circuit Court of Cook County, Illinois. Doc. 1. One of the other defendants, Jeannine Miyuskovich, was the court reporter at a hearing in the child custody case. *Id*. at ¶ 12. Karageorge alleged that Miyuskovich altered the hearing transcript in a manner that favored Urlacher. *Id*. at ¶¶ 12, 52. Miyuskovich moved under Civil Rule 12(b)(6) to dismiss the claims against her. Doc. 33. The court set a briefing schedule, Doc. 36, but Karageorge neither filed an opposition nor moved for an extension of time. She also failed to appear at a status hearing on the motion. Doc. 48.

The court dismissed Karageorge's claims against Miyuskovich with this explanation:

> Because the served defendants set forth plausible grounds for dismissal, and because Karageorge failed to respond to their motions, she has forfeited her claims. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."); *Alioto v. Town of Lisbon*,

> 651 F.3d 715, 721 (7th Cir. 2011) ("We apply [the forfeiture] rule … where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss. … Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (internal quotation marks omitted). [Miyuskovich] has offered at least one plausible ground for dismissing the claims against her … .
>
> \* \* \*
>
> Miyuskovich is not a state actor, so she can be held liable under § 1983 only if she conspired with state actors to violate Karageorge's federal rights. *See Brokaw*[ *v. Mercer Cnty.*], 235 F.3d [1000,] 1016 [(7th Cir. 2000)]. Precedent holds that vague and conclusory allegations of a conspiracy are insufficient to sustain a plaintiff's burden of pleading that a private actor reached an agreement with state actors. *See Amundsen v. Chi. Park Dist.*, 218 F.3d 712, 718 (7th Cir. 2000). Yet the complaint's conspiracy allegations are just that—vague and conclusory—and thus cannot support Karageorge's § 1983 claims against Miyuskovich. *See Brokaw*, 235 F.3d at 1016 (holding that to allege a § 1983 conspiracy, the plaintiff must plead "the who, what, when, why, and how").
>
> Nor does Karageorge have a viable § 1985 claim against Miyuskovich. To state a claim under § 1985(1), a plaintiff must allege that the defendants interfered with a *federal* officer's discharge of her federal duties, *see Kush v. Rutledge*, 460 U.S. 719, 724 (1983), which Karageorge has not done. To state a claim under § 1985(2) or (3), a plaintiff must allege that the defendants' conduct was motivated by some racial or other class-based animus, *see Kowalski*, 893 F.3d at 1001, which Karageorge also has not done. Without a viable § 1985 claim against Miyuskovich, Karageorge has no viable § 1986 claim. *See Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). And § 1988, which allows recovery of attorney fees in civil rights suits, does not afford Karageorge a viable, freestanding cause of action. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 702 (1973).

Doc. 49 at 2-3.

Shortly after the dismissal, Miyuskovich moved for sanctions under Rule 11. Doc. 51. The motion asserted that Karageorge had no evidentiary support for her allegations against Miyuskovich, including the key allegation that she conspired with Urlacher, his attorneys, the court-appointed child representative, and the state court judges to falsify the hearing transcripts

in a manner favorable to Urlacher. Doc. 51-1. The court set a briefing schedule giving Karageorge over a month to respond to the sanctions motion. Doc. 53. Karageorge neither responded nor moved for an extension of time. The court then gave Karageorge more time to respond, and she did so. Docs. 63-64. In her responses, Karageorge doubled down on her allegations—without pointing to any supporting evidence—that Miyuskovich conspired with everybody (other than Karageorge) involved in the child custody case, and she also asserted, without elaboration, that her legal theories were sound.

The Rule 11 analysis is well-settled:

> Under Rule 11, the district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Local 731*, 990 F.2d 957, 963 (7th Cir. 1993). The court must "undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.* (quoting *CNPA v. Chicago Web Printing Pressmen's Union No. 7*, 821 F.2d 390, 397 (7th Cir. 1987) (citations omitted)). Rule 11(c) of the Federal Rules of Civil Procedure allows courts to impose sanctions on a party if the requirements of Rule 11(b) are not met.

*CUNA Mut. Ins. Soc'y v. Office & Prof'l Emps. Int'l Union, Local 39*, 443 F.3d 556, 560-61 (7th Cir. 2006). *Pro se* parties are not exempt from sanctions under Rule 11, *see* Fed. R. Civ. P. 11(b) (imposing obligations on "an attorney or unrepresented party"), though the court may consider a party's *pro se* status in resolving a Rule 11 motion, *see Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

It is completely understandable that the child custody proceedings were extremely upsetting to Karageorge. But even considering her *pro se* status, Karageorge's distress in connection with those proceedings did not give her license to file a lawsuit making factually dubious and legally unsupportable allegations against a *court reporter*, forcing her to spend time and money fighting the suit. As the court explained in its dismissal order, Karageorge's legal

3

theories against Miyuskovich were clearly meritless, Doc. 49 at 2; in fact, Karageorge did not even bother to defend them. Karageorge's factual allegations against Miyuskovich were neither tested nor debunked in discovery or at summary judgment or trial, but that is only because this case did not make it past the pleading stage. On their face, Karageorge's factual allegations were extraordinarily farfetched, and given the chance to present supporting evidence in her response to Miyuskovich's sanctions motion, Karageorge presented none, confirming that they were groundless. Under these circumstances, Rule 11 sanctions are warranted. *See* Fed. R. Civ. P. 11(b)(2)-(3); *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1080-81 (7th Cir. 2018) (affirming sanctions against a party that sought relief based on an "infirm factual foundation") (internal quotation marks omitted); *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 762 (7th Cir. 2013) (remanding for the district court to consider whether to impose Rule 11 sanctions, reasoning that "[r]epresentations in a filing in a federal district court … that are unlikely to 'have evidentiary support after a reasonable opportunity for further investigation or discovery' violate Rules 11(b) and 11(b)(3)"); *Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (recognizing that "groundless allegations in a legal pleading can be sanctioned"); *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000) (in affirming Rule 11 sanctions, reasoning that "[t]he very point of Rule 11 is to lend incentive for litigants to stop, think and investigate more carefully before service and filing papers") (internal quotation marks omitted).

Miyuskovich filed a fee petition, supported by her attorney's declaration and time sheets, establishing that she expended $9,250.00 in attorney fees. Doc. 68. Miyuskovich seeks to recover only $8,500.00 of that amount. *Id*. at 3-4. The court gave Karageorge the opportunity to respond to the fee petition, Doc. 69, but she failed to do so, thereby forfeiting any opposition she might have asserted. *See McGreal v. Vill. of Orland Park*, 928 F.3d 556, 559 (7th Cir. 2019)

4

(finding forfeiture where the sanctioned party "didn't argue before the district court that the defendants failed to comply with Rule 11(c)(2) until his motion for reconsideration of the order imposing sanctions"); *Bell*, 908 F.3d at 1081 (finding forfeiture where the sanctioned party "could have raised [the forfeited argument] in opposition to the show-cause order or in his motion to reconsider the first sanctions order" but did not); *Kathrein v. Monar*, 218 F. App'x 530, 532 (7th Cir. 2007) (finding forfeiture where the sanctioned party pressed an argument on appeal but "did not do so in the district court"). In any event, the court has reviewed Miyuskovich's submissions and finds that the hours expended on the case were reasonable, as were the hourly rates charged. Accordingly, the court awards Miyuskovich $8,500.00 in sanctions against Karageorge. *See* Fed. R. Civ. P. 11(c)(4) ("The sanction may include … part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."); *Golden v. Helen Sigman & Assocs.*, 611 F.3d 356, 365 (7th Cir. 2010).

September 27, 2019

United States District Judge